IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS DUDNEY,

     Petitioner,       No. CIV S 02-2416 GEB CMK P

    vs.

EDWARD S. ALAMEIDA, Warden

     Respondent.     FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 7, 1997, a Sacramento County Police Officer effected a traffic stop of petitioner's pick-up truck. During the stop, petitioner was observed to be in possession of a large Ziploc baggie containing a white powdery substance, which was later determined to be methamphetamine. Petitioner was convicted in 1999 of possession and transportation of methamphetamine with prior convictions. He now challenges this conviction.

I.  Standards for Granting Habeas Relief

    An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the

claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d) (referenced herein in as " § 2254(d)" or "AEDPA). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir.2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). See Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir.2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and as we stressed in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)  that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law

set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. See Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir.2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law. It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir.1999).

II.     Arguments and Analysis

Petitioner alleges five grounds for habeas relief: (1)that he was denied due process by the use of the preliminary hearing transcript to prove his prior conviction; (2) fundamental fairness principles of collateral estoppel and res judicata were violated by allowing the prosecution to prove the facts behind petitioner's prior conviction in a subsequent proceeding; (3) he was denied equal protection because California's three strikes law includes both serious and violent felony prior convictions; (4) that he was denied due process because his prior plea agreement was breached by the use of his prior conviction in the instant proceeding; and (5) he was denied due process because the proceeding at which his prior conviction was determined to be a strike was fundamentally unfair.

///

A. <u>Denial of Due Process By Use Of Hearing Transcript To Prove Prior Conviction</u> (claim 1)

Petitioner's first claim is that the admission of the preliminary hearing transcript to prove that he personally used a weapon in the commission of his 1974 assault with a deadly weapon conviction violated his due process rights. California's Three Strikes Laws, California Penal Code § 1170.12 and 667, provide for enhanced punishment for anyone convicted of a felony who has previously been convicted of a serious felony. A serious felony is, among other things, a felony in which the defendant personally used a dangerous or deadly weapon. <u>See</u> Cal. Penal Code §§ 1192.7(c)(24), 667(d).

In 1974, petitioner was charged with an assault with a deadly weapon. (Answer, Ex. A, pg. 3.) The information filed noted that "'at the time of the commission of the [assault], defendant was armed with and used a firearm, to wit: a pistol.'" After entry of a guilty plea, petitioner was convicted of the felony of assault with a deadly weapon. (Clerk's Transcript (CT) 205-06.) The abstract of judgment states that petitioner was neither charged with, nor admitted to, being armed with a deadly weapon, nor was he found to have been so armed. (<u>Id.</u>) Although there was no mention of personal use of a weapon in petitioner's 1974 conviction, the court used the preliminary transcript hearing from the 1974 matter to prove that he had personally used a firearm in the 1974 crime, thus making his crime a strike under the Three Strikes Law, Cal. Penal Code §§ 1192.7(c)(24), 667(d). The last reasoned decision on this claim was that of the California Court of Appeal, Third Appellate District on petitioner's direct appeal. (Answer, Ex. A.) The California Supreme Court summarily denied this claim on the merits. (Answer, Ex. G.)

In its decision, the Court of Appeal reasoned:

> ... On February 7, 1974, defendant reached a plea agreement with the prosecution. The minutes state: "Counsel for Defendant stated that Defendant is willing to offer plea of guilty to 245 P.C. only on condition that 'armed & use' allegation be stricken from Information; that he receive 90 diagnostic study; that Court will base sentence on recommendation. There will be no guarantee as to recommendation or that Court will follow." The allegation of personal use was thereafter stricken.
>
> This record alone would be insufficient evidence that defendant had been convicted of an assault with a deadly weapon based on his personal use of a

4

> gun. Although the mere plea to a charge of assault with a deadly weapon does not constitute a serious felony, the trier of fact may look to the entire record of conviction in the prior case to determine whether the assault involved conduct making it a serious felony. The record of conviction includes the transcript from the preliminary hearing.
>
> .....
>
> ...Our case, like *Reed, supra,* involves a guilty plea. The prosecutor introduced portions of the certified preliminary hearing transcript to show that Reed had in fact personally used a dangerous or deadly weapon in committing the prior assault. The Supreme Court upheld the admissibility of the transcript because the "procedural protections afforded the defendant during a preliminary hearing tend to ensure the reliability of the evidence." We have no choice but to follow *Reed*.
>
> Here, the victim testified at the preliminary hearing. He stated defendant pushed a gun against his neck and threatened him "not to move or he would shoot me." Defendant ultimately struck the victim twice in the mouth and shot him in the foot. Based on the *entire* record of conviction, including this transcript, the trial court found defendant had personally used a gun to commit the 1974 assault.
>
> ....
>
> ...In sum, the Supreme Court has spoken conclusively on the issue before us. The trial court properly looked to the entire record of conviction, including the transcript from the preliminary hearing, to determine whether defendant's prior assault included the use of a firearm, conduct coming within the legislative definition of a serious or violent felony.

(Exhibit A, People v. Dudney, No. CO34355 (Slip Opinion February 16, 2005), pg. 3-7 (internal citations omitted.))

The Court of Appeal went on to note that "[c]ertainly at the time of the plea bargain the defendant did not anticipate or foresee that the personal use enhancement could be exhumed and used against him. But according to these cases, a criminal defendant's expectations are not controlling. In punishing defendant for his *current* offense, the trial court is compelled by the three strikes law to factor in his prior conduct as long as there is sufficient evidence contained in the entire record." (Exhibit A, pg. 7-8 (emphasis in original.))

After careful review of the record and relevant case law, the court finds that the state court's adjudication of this claim was entirely reasonable. For example, the United States Supreme Court has held that a criminal defendant does not have a federal constitutional right to a jury trial on the truth of a prior felony conviction allegation. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

1  beyond a reasonable doubt.")  Accordingly, the Court has no basis for finding or concluding that
2  the California courts' rejection of petitioner's claim either was contrary to or involved an
3  unreasonable application of clearly established federal law, as determined by the United States
4  Supreme Court.  This claim should be denied.
5  B.     <u>Use Of Prior Conviction In Subsequent Proceedings Violated Prior Plea Agreement And
6         Principles Of Res Judicata And Collateral Estoppel (claims 2 and 4)</u>
7              Petitioner's next contention is that the use of his 1974 conviction in determining
8  his present sentence under California's Three Strikes Law rendered his 1974 guilty plea
9  involuntary and constituted a breach of his plea agreement.  Petitioner specifically argues that
10 because state law in effect at the time of his 1974 plea provided a different definition of what
11 constituted the record of conviction for purposes of determining the nature of a conviction than
12 current state law, subjecting petitioner to the change in law invalidates his prior guilty plea and
13 violates his prior plea agreement.  (Pet. Ex. A, pg. 16-17.)  Petitioner states that using current law
14 to determine the nature of his 1974 conviction would violate principles of res judicata and
15 collateral estoppel.  (Pet. Ex. A, pg. 18-19.)  The former claim was presented to the California
16 Court of Appeal, Third Appellate District, in petitioner's direct appeal,  (Answer, Ex. A, B, C &
17 D) and to the California Supreme Court in a petition for review.  (Answer, Ex. F.)  The Court of
18 Appeal rejected the claim in a reasoned decision (Answer, Ex. A); the California Supreme Court
19 denied the claim with no reasoned decision. (Answer, Ex. G.)   The latter claim was presented to
20 the California Supreme Court in a petition for review, and was also denied on the merits.
21 (Answer, Ex. G.)
22             Although a defendant must be aware of the direct consequences of his guilty plea,
23 there is no constitutional obligation to advise a defendant of all the possible collateral
24 consequences of his plea.  See <u>Torrey v. Estelle</u>, 842 F.2d 234, 235 (9th Cir. 1988).  In short, a
25 defendant's ignorance of collateral consequences does not make a guilty plea involuntary.  See <u>id.</u>
26 at 235.  The possibility that the defendant will be convicted of another offense in the future and

will receive an enhanced sentence based on a conviction stemming from a guilty plea is not a direct consequence of a guilty plea. See United States v. Brownlie, 915 F.2d 527, 528 (9th Cir. 1990). "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 397 U.S. 742, 757 (1970).

Thus, petitioner's contention that his 1974 guilty plea is involuntary based on a change in state law from the time of his plea to present does not satisfy 28 U.S.C. § 2254(d) and should be denied.

Petitioner's claim that his current sentence breached his 1974 plea agreement because he did not agree or believe, when entering into the agreement, that his prior conviction could be used to enhance a future sentence under the Three Strikes Law also fails. Due process concerns of fundamental fairness require that a prosecutor keep the promises upon which a defendant relies in entering into a plea agreement. See Santobello v. New York, 404 U.S. 257, 262 (1971).

Claims of a breached plea agreement are analyzed according to contract law standards of interpretation, such that the court looks to what was reasonably understood by the parties to be the terms of the agreement and whether or not those terms were fulfilled. See United States v. Kramer, 781 F.2d 1380, 1387 (9th Cir.), cert. denied, 479 U.S. 819 (1986). Petitioner does not allege in his claim that the prosecutor failed to honor any of the terms of the plea agreement. Specifically, he has not shown any promise by the prosecutor that the information underlying the 1974 guilty plea would not be used later to enhance a future sentence under a law that did not yet exist, and he has not shown that there was a promise that the law, as it existed in 1974, would not change. Instead, he only contends that he never expected that the underlying

///

///

///

facts of his 1974 conviction would be used to enhance a future sentence.  However, a breach of defendant's expectations do not equal a breach of the plea agreement.   As the Court of Appeal noted:

> ...Certainly, at the time of the plea bargain defendant did not anticipate or foresee that the personal use enhancement could be exhumed and used against him.  But according to these cases, a criminal defendant's expectations are not controlling.  In punishing defendant for his *current* offense, the trial court is compelled by the three strikes law to factor in his prior conduct as long as there is sufficient evidence contained in the entire record of conviction.
>
> Like the court in *Blackburn*, therefore, we reject defendant's notion that changing the terms of the plea agreement violated his right to due process.  The plea agreement was honored; defendant served time promised for the 1974 offense.  His past conduct, however, is entirely relevant to his sentence for his current offense and, as the cases make abundantly clear, the three strikes law requires enhanced punishment for repeat offenders.

(Ex. A, pg. 7-8 (emphasis in original.))

Finally, petitioner argues that the principles of res judicata or collateral estoppel bar leaving his 1974 plea in place but reopening the factual basis to show that petitioner was personally armed with a firearm to enhance his current sentence. (Pet., Ex A, pg. 18.)  The Supreme Court's denial of this claim on the merits is fully supported by the record and not contrary to or an unreasonable application of controlling principles of federal law.  For example, petitioner agreed, in his plea bargain, to dismiss an allegation that he used a deadly weapon without actually litigating the issue.  Petitioner's final judgment in his 1974 conviction was not an acquittal on the allegation that he used a deadly weapon.  Further, one of the cases which petitioner cites in support of his position specifically indicates that, in noncapital proceedings, retrial of a prior conviction allegation does not violate the Double Jeopardy Clause, and thus does not violate res judicata or collateral estoppel.  See Monge v. California, 524 U.S. 721, 734 (1998).

In sum, the court finds that petitioner has not shown that he is entitled to relief on his second claim and recommends that it be denied.

///

///

C. <u>Three Strikes Law Provisions Violate Equal Protection (claim 3)</u>

Petitioner argues that his Fourteenth Amendment Equal Protection rights were violated by the categories of violent felony and serious felony in the Three Strikes Law being subjected to the same strike enhancements without simultaneously affording equivalent rights to those charged. Specifically, the provision in the Three Strikes Law defining a serious felony does not expressly include the requirement that the allegation that defendant personally used a dangerous or deadly weapon be proved in the original conviction; however, the section defining a violent felony requires that the defendant's use of a firearm "be charged and proved as provided in Section 12022.5 or 12022.55." (Pet., Ex. A, pg. 20-21.) The California Supreme Court denied this claim without comment. (Answer, Ex. G.) The last reasoned decision on this claim was that of the California Appeal Court, Third Appellate District. (Answer, Ex. A.) In denying this claim, the Court of Appeal stated:

> Defendant complains he is subject to enhanced sentencing for his commission of a serious felony even though his personal use of a weapon was neither pled nor proven, whereas a felon convicted of a violent felony would escape an enhanced sentence if the personal weapon use had not been pled and proven in the earlier proceedings. We do not believe the difference in the definition of serious and violent felonies raises an equal protection issue. Certainly, the Legislature retains the prerogative to define crimes and require varying forms of proof. We do not, therefore, believe defendant has satisfied the first prerequisite to a meritorious claim under the equal protection clause, "'a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'" Moreover, even if we were to find the requisite classification, we would conclude that the Legislature included both groups within the broad sweep of the three strikes law to ensure that felons who committed serious or violent felonies were subject to enhanced sentencing whether or not the triggering conduct was originally charged or proven. In other words, there is a rational justification for the inclusion of felons who had presumably used a gun, even if they had not been charged, given the overriding legislative goal to punish all dangerous recidivists under the three strikes law.

(Answer, Ex. A, pg. 11-12, (emphasis in original)(internal citations omitted.)) The state court's rejection of petitioner's claim does not reflect an objectively unreasonable application of the appropriate federal principles. The Equal Protection Clause essentially mandates that similarly situated persons be treated alike. See <u>Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432,

439 (1985).  Persons convicted of different crimes are not similarly situated.  Even if persons convicted of different crimes were similarly situated, petitioner still would not prevail on his claim.  "Rational-basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'"  FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)(internal citations omitted).  A statutory sentencing scheme that does not disadvantage a suspect class or infringe on the exercise of a fundamental rights, as in the instant case, is subject only to rational basis scrutiny.  It cannot be disturbed unless petitioner can show that there is no rational or legitimate grounds to support the classification.  See Cleburne, 473 U.S. at 413.

Petitioner cannot show that there is no legitimate basis to support the differing classification of violent and serious felonies in California's Three Strikes sentencing scheme.  Accordingly, the court recommends that this claim be denied.

      D.      <u>Proceedings At Which Prior Conviction Determined A Strike Were Fundamentally Unfair (claim 5)</u>

Petitioner argues that the proceedings at which his prior conviction was determined to be a strike were fundamentally unfair because he was denied the opportunity to be heard.  The California Supreme Court rejected this claim without comment. (Answer Ex. G.)  The last reasoned decision was that of the California Court of Appeal.  (Answer, Ex. E.)  In this claim, the Court of Appeal made the following findings:

> Finally, defendant asserts the procedures used by the trial court to adjudicate whether the 1974 conviction was based on his personal use of a firearm denied him a meaningful opportunity to be heard and were fundamentally unfair.  In short, defendant claims that he was denied due process under the state and federal Constitutions.
>
> We agree with the Attorney General that the defendant is wrong on both the facts and the law.  Most importantly, he was provided the opportunity to be heard.  He testified at some length that he had not personally shot the victim in 1973.  But the testimony by the witnesses contained in the preliminary hearing transcript was to the contrary.  The trial court, having provided defendant the opportunity to be heard, did not believe his testimony.  The court found it was self-serving and lacked credibility.

(Answer, Ex. E, pg. 1-2, People v. Dudney, No. CO34355, Slip Opinion March 20, 2001.) The underlying record reveals that the trial court gave petitioner an opportunity to be heard and that petitioner testified at length that he did not hold the gun to Mr. Cox's head in December of 1973. (RT 309-317.) However, as the Appeal Court noted, the trial court gave petitioner an opportunity to be heard, but it did not believe his testimony.

Petitioner further argues that his right to due process was violated because, by admitting the testimony of the preliminary hearing, which by law had to include sufficient information to support the information, the court assured that the outcome would favor the prosecution. (Pet. Ex. A, pg.. 26.) The Appeal Court found that "the transcript of the preliminary hearing does not invariably favor the prosecution." (Answer, Ex. E at 2.) The Appeal Court's finding is not an objectively unreasonable application of governing federal law. A careful review of the record indicates that petitioner's own testimony supported the assertion that he had personally used a firearm in the 1973 crime. The Reporter's Transcript reflects the following exchange between the prosecutor, Ron Wells, and petitioner:

> Q. Now, do you recall telling the probation officer that you used poor judgement and should not have been carrying a gun?
> A. I was carrying the gun, yes, prior to that event.
> ....
> Q. Did you review the probation officer's report?
> A. Yes, I did.
> Q. Did you see that in the probation report? It said, "after his release from custody in January of 1972, Dudney accumulated numerous arrests and convictions for various offenses. Probation was revoked on May 1st, 1973." Going on to say, "The circumstances of the case, referring to the assault with a deadly weapon, arraignment on December 7 of 1973 when officers were sent out to the Visallia air fair parking lot in Visallia in response to a shooting, "investigation revealed that Dudney had shot the victim, Jerry Cox."
> ....
> Q. (By Mr. Wells) So, you knew that the probation officer thought that you were the one that shot him in the foot? Probation officer added a lot of things. If you would like, I could refresh you. "I became involved in a crime through poor judgment. There was no planning involved. I had no intention of harming anyone in my mind. I had no intention of carrying a firearm, which I had in my glove box a few months before.
> A. That's correct. That was in the record of my probation violation for carrying a gun, having a gun. It had nothing to do with shooting somebody.

(RT, pg. 315-16.) Given petitioner's testimony and the record as a whole, the court cannot find that petitioner's due process rights were violated because the transcript of the preliminary hearing invariably favored the prosecution.[1] Petitioner was afforded the opportunity to be heard on the matter, and the trial court found his testimony not credible. Accordingly, the court recommends that this claim be denied.

III.   Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 1, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that petitioner has not made a confrontation clause claim here.